UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

CRIMINAL NO. 21-20228

vs.

HON. LAURIE J. MICHELSON

DEANNA BARASH,

    Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Deanna Barash pushed through a third-party contract using her position as Assistant Superintendent with Northville Schools. She didn't follow the school's procedures and never disclosed that she was getting money from this third-party. To make matters worse, she attempted to cover up her wrongdoing by deleting emails and lying to FBI agents. This conduct was serious. And the sentence in this case should also be sufficient to deter others. The government therefore recommends that the Court impose a custodial sentence.

1

## BACKGROUND

From 2014 until September 2017, Deanna Barash, worked for the Northville, Michigan Public Schools (NPS) as an Assistant Superintendent.

Around July 2017, Barash signed an agreement with Daniel Budzinski to provide services for Budzinski's company, Everest Studios Inc. d/b/a Purpose, Inc. or Purpose Prep. (Purpose purports to provide "Social-Emotional Learning" materials.) As part of this agreement, Barash agreed to provide help with content and marketing of Purpose's materials. Purpose agreed to pay Barash $3,500 for her "effort and help" from July 1, 2017 to August 15, 2017. In addition, Purpose agreed to pay Barash 20% of any profits resulting from her efforts after July 19, 2017.

On July 10, 2017, without obtaining the internal review and approval from NPS and without disclosing her relationship with Purpose, Barash signed an agreement that committed NPS to obtain materials from Purpose. More specifically, on August 11, 2017, Barash executed two Sales Order Forms / Contracts—one for $20,000 (dated July 28, 2017) and the other for $25,000 (dated August 11, 2017). Right

after, Barash directed NPS pay $45,000 to Purpose. Days after, Barash

deposited two checks into her bank account from Purpose, one for

$1,500 and one for $5,000.

After Barash left, NPS officials found out about the contracts with

and payments to Purpose. Barash did not receive proper approvals. So

in a May 2018 letter, NPS officials made Barash aware that her conduct

was unethical and possibly criminal, and they would alert law

enforcement.

After learning this information from the NPS officials, Barash

deleted certain emails from her private email account.

Federal law enforcement agents began an investigation. And in

May 2019, they interviewed Barash about her relationship with

Purpose and the Purpose/NPS contracts. During that interview, Barash

explained that the NPS letter made her panic, and she intentionally

deleted email messages from her personal account related to Purpose.

In a follow up interview a few months later, Barash retracted the

statement that she panicked. Instead, she explained that she deleted

the messages because routinely deleted emails from her inbox and felt

the mater "was over." She also said that she deleted the messages

because she was concerned about losing her job, license, and being

"raked over the coals." Barash emphasized that she was not attempting

to prevent law enforcement from accessing her emails and agreed to

take a polygraph examination on the subject.

Barash was given a polygraph examination. The examiner asked

whether she deleted any emails for the purpose of obstructing a

criminal investigation or to evade law enforcement detection. She failed.

Afterwards, Barash admitted that she deleted the emails because of her

concern that she was under investigation by law enforcement.

Barash pleaded guilty to obstructing a federal criminal

investigation. (PSR, ¶¶ 1, 4).

## SENTENCING FACTORS

### A.    The Sentencing Guideline Range.

The guidelines are the "starting point" and "initial benchmark" for

determining an appropriate sentence. *United States v. Demma*, 948

F.3d 722, 727 (6th Cir. 2020) (quoting *United States v. Bistline*, 665

F.3d 758, 761 (6th Cir. 2012) and *Gall v. United States*, 552 U.S. 38, 49

(2007)). Put differently, the guidelines are the "lodestar" in the

sentencing process. *Molina-Marinez v. United States*, 136 S.Ct. 1338, 1346 (2016).

In this case, because Barash pleaded guilty to obstruction, her base offense level is 14. (PSR, ¶ 14). (In contrast, if Barash pleaded guilty to bribery under 18 U.S.C. § 666, her offense level would have been 24. USSG § 2C1.1(a)(2), (b)(2), (b)(3), USSG § 2B1.1(b)(1)(D)). After a reduction for acceptance of responsibility, her total offense level is 12. (PSR, ¶ 27). She doesn't have a criminal record. (PSR, ¶ 29). So her sentencing guideline range is 10-16 months in prison. (PSR, ¶ 54). (Again, her guideline range for a § 666 conviction would have been much higher, i.e., 36-46 months.)

## B.   The conduct was serious.

Barash did not act in Northville Public School's best interest when she pushed through a contract for "educational" materials. She did not follow the district's protocol. She did not advise anyone of the kickback she was going to receive for the contract. And as the Northville Superintendent and other teachers who reviewed the Purpose materials explained, the materials were "without value."

Then, to make matters worse, Barash attempted to cover her

tracks by deleting her email messages. And then, when confronted

about the investigation and her actions, she lied to FBI agents.

This conduct is serious and deserving of a serious punishment.

**C.     The sentence must promote respect for the law and deter others.**

"Sentences influence behavior." *United States v. Camiscione*,

591 F.3d 823, 834 (6th Cir. 2010) (*quoting United States v.*

*Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007)). Here, it is unlikely

that Ms. Barash will ever commit another serious felony like the

one in this case. But it is important that others—especially those

in sensitive positions in our school systems—be deterred from

similar wrong-doing and that the sentence promote respect for the

law.

## CONCLUSION

Based on all the § 3553(a) factors, as discussed above, the Court

should impose a custodial sentence.


Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

*s/Steven P. Cares*
STEVEN P. CARES
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
steven.cares@usdoj.gov
(313) 226-9139

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on **September 3, 2021**, I electronically filed

the foregoing paper with the Clerk of the Court using the ECF system

which will send notification of such filing to all attorneys of record.

s/Steven P. Cares (P68503)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan  48226
Phone:  (313) 226-9139
E-mail: steven.cares@usdoj.gov
